UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
MARLENE GREGOIRE,                                             AMENDED COMPLAINT

                    Plaintiff,                              05-CV-4897 (VM)

    v.

BOARD OF TRUSTEES, 1199 SEIU
HEALTH CARE EMPLOYEES
PENSION FUND,

                    Defendant.
-----------------------------------------------------x

       Plaintiff, MARLENE GREGOIRE, by her attorneys, *Fusco, Brandenstein & Rada, P.C.,* complaining of defendant, the BOARD OF TRUSTEES, 1199 SEIU HEALTH CARE EMPLOYEES PENSION FUND, alleges as follows:

       1.       Plaintiff resides at 137-08 Frankton Street, Rosedale, New York 11422.

       2.       Defendant resides or may be found at 330 West 42 Street, New York, New York 10036.

       3.       Plaintiff worked as a nurse's aide for the Sephardic Home for the Aged at 2266 Cropsey Avenue, Brooklyn, New York 11214, from May 16, 1988 until November 24, 2003.

       4.       Plaintiff stopped working on November 24, 2003 as the result of becoming disabled due to, e.g., herniated lumbar discs, cervical radiculitis, and left shoulder impingement syndrome.

       5.       Plaintiff is a participant in the 1199 SEIU [Services Employees International Union] HEALTH CARE EMPLOYEES PENSION FUND, and is fully vested for a disability pension and other benefits (e.g. retirement) provided by defendant.

6.      By letter dated December 16, 2004, received on December 21, 2004 as certified mail by the 1199 SEIU BENEFIT AND PENSION FUND, 330 West 42 Street, New York, NY 10036-6977, plaintiff's counsel wrote (enclosing signed authorization to the Fund from plaintiff) asking the Fund to:

> Please check your records to confirm her coverage and:
>
> (1)    advise/list which benefits she may be entitled to;
> (2)    if disability pension or long term disability insurance benefit, please compute benefit and advise what is the first possible month of entitlement;
> (3)    send us application forms, so that we may assist her in applying for any/all benefits she may be entitled to (disability, life insurance, etc.); and
> (4)    send applicable plan documents (e.g. Summary Plan Description, Policy, amendments, etc.).

7.      No response was received by January 31, 2005, so plaintiff wrote another letter to 1199 SEIU BENEFIT AND PENSION FUND, 330 West 42 Street, New York, NY 10036-6977, providing copies of her prior correspondence, and indicating that "ERISA provides penalties of up to $110.00 per day for each day beyond 30 days that a plan administrator fails to provide relevant plan documents." *citing* 29 U.S.C. § 1132(c)(1)(B); 29 C.F.R. § 2570.502c-1; 62 Fed.Reg. 40696 (July 29, 1997).

8.      No response was received until July 5, 2005, when plaintiff's counsel received a letter from the Assistant Director of the Pension Department for 1199 SEIU dated June 29, 2005 enclosing a Summary Plan Description from the 1199 SEIU HEALTH CARE EMPLOYEES PENSION FUND concerning their Pension Benefits, an estimate of plaintiff's retirement benefits and the first page of an application for "Normal Pension" or "Early Retirement Pension."

9. Plaintiff was been prejudiced by defendant in not knowing what rights she may have regarding that or other benefits which may be provided by the defendant, and by the potential loss of such benefits.

10. From the 31st day following defendant's receipt of plaintiff's request for plan documents and application forms, that is January 22, 2005 through July 5, 2005, that is 163 days, at the rate of $110.00 per day, to wit, penalties may and should be assessed by this Court against defendant in the amount of $17,930.00, plus pre-judgment interest at the legal rate of 9%. *See* Sheehan v. Metropolitan Life Ins. Co., No. 01-CV-9182, 2005 WL 1020874 (S.D.N.Y. April 29, 2005).

11. Plaintiff is also entitled to reasonable attorney fees, pursuant to 29 U.S.C. § 1132(g), as a result of defendant's culpability, its ability to pay, the likelihood that imposing such award would deter defendant from ignoring participants like plaintiff, and the merits of plaintiff's position. *See* Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987).

Dated: Woodbury, New York
       July 8, 2005

                                        Yours,
                                        Fusco, Brandenstein & Rada, P.C.
                                        Attorneys for Plaintiff
                                        180 Froehlich Farm Boulevard
                                        Woodbury, New York 11797
                                        (516) 496-0400

                                        By:    /s/_____
                                                  Aba Heiman, Esq. (AH 3728)

To:    Key Mendes, Associate Counsel
        1199 SEIU Benefit and Pension Funds
        330 West 42 Street
        New York, NY 10036-6977